In the Matter of NEWMAN COMPANY, Bankrupt.

Ralph H. COLEMAN, Trustee,

v.

Harry RATNER, Cross-Petitioner.

No. 90470.

United States District Court
N. D. Ohio, E. D.
April 4, 1961.

Marvin Neben, Cleveland, Ohio, for Trustee.

Jerome Leiken, Cleveland, Ohio, for Bankrupt.

Morris R. Blane, David Kabaker, Cleveland, Ohio, for petitioning Creditors.

Karl D. Kammer, Cleveland, Ohio, for cross petitioner.

KALBFLEISCH, District Judge.

This is a petition to review an order of the Referee in Bankruptcy, the Honorable William B. Woods, denying petitioner's claim of a lien on certain chattels of the bankrupt and relegating his claim for $45,600 to that of a general creditor.

The Referee found that The Newman Company was adjudged bankrupt on August 8, 1960, after the filing of a creditors' petition; that Harry Ratner was landlord of bankrupt, had made several loans to and had debts due from bankrupt; that bankrupt and Ratner agreed that bankrupt should give a promissory note to Ratner covering its old debts; and that on March 31, 1960, Max Newman, President of bankrupt, executed a note on behalf of bankrupt, secured by a chattel mortgage, the same being filed with the Recorder on April 6, 1960.

The Referee further found that a creditors' petition was filed against bankrupt on August 4, 1960; that the bankrupt was insolvent on March 31, 1960, the date of execution of the note and mortgage; and that the inability of bankrupt to pay its debts and its insolvency were known to Ratner at the time of execution of the note and mortgage.

The Referee concluded that the note and mortgage herein were a preference under Section 60, sub. a of the Bankruptcy Act, 11 U.S.C.A. 96(a) and voidable by the trustee under Section 60, sub. b, 11 U.S.C.A. 96(b) because the creditor Ratner, for whose benefit it was made, knew or had reasonable cause to believe that the bankrupt was insolvent. The Referee further found that the act of bankruptcy alleged in the creditors' petition was this particular transfer and that the Court may order the lien preserved for the benefit of the estate in the name of the Trustee.

Petitioner Ratner claims that the Referee erred in holding that:

(1) The asserted lien was void;

(2) The subject chattel mortgage was voidable by the Trustee;

(3) There was no present consideration for the subject chattel mortgage at the time of its execution.

The only issue here is one of fact, it being Ratner's contention that the note and chattel mortgage were not given for an antecedent debt but for a present consideration.

Karl D. Kammer, counsel for Ratner, asserts in his brief, page 2, that he "appeared and testified on behalf of the cross petitioner and made the statement that 'I believe that certain loans were made after the mortgage was taken and

at the time the mortgage was given.' " The transcript of the hearing before the Referee reveals that Kammer was not sworn and did not testify as a witness but made a brief opening statement to the Referee, relevant portions of which appear at pages 4 and 5 of the transcript:

"Mr. Kammer: * * * I believe that certain loans were made after the mortgage was taken. At the time the mortgage was given, originally it was done so as to more or less consolidate what had been given as loans and what was being given as loans.

"The Referee: Some had been made before?

"Mr. Kammer: Some had been made before. Some, as I recall, were made currently. At the time this was additional security for what had been given and what was being given."

The only witness was the President of bankrupt, Max Newman, who testified that Ratner was aware of the financial affairs of the Newman Company "by consultation with me and consultation with my accountant, and consultation with the other people who were involved in the office." (Tr. 6.) Newman also testified that Ratner had "asked for a mortgage to consolidate all the debts, that is, everything, all the money he had loaned or had given, and all that he had loaned to the company on previous occasions into one amount." (Tr. 6.) Newman denied that any funds had been transferred to his company at the time the chattel mortgage was executed or at any time within thirty days prior thereto (Tr. 10, 14), but testified that the consideration for the mortgage arose out of transactions dating back as far as four years. (Tr. 14, 15.)

No testimony or other evidence, except the note and mortgage, were offered in rebuttal on behalf of the petitioner. The remarks of counsel in the course of a hearing certainly do not constitute competent evidence.

The burden of proof is upon the Trustee to prove by a preponderance of evidence all controverted elements of an alleged voidable preference. 3 Collier on Bankruptcy, 14th Ed., 1043 et seq., and cases cited therein.

Newman's testimony, together with inferences properly to be drawn therefrom, sustain the Referee's finding that the note and mortgage were given by the bankrupt to the petitioner, within four months before the filing of the petition in bankruptcy, for or on account of antecedent debts. Under these circumstances, the mortgage is voidable at the election of the Trustee.

Accordingly, the Referee's order of October 3, 1960, will be affirmed.